[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Debbie Crumb, moves to dismiss the instant case claiming lack of subject matter jurisdiction to which the plaintiff filed an untimely objection. Practice Book § 143, now Practice Book (1998 Rev.) § 10-31, no longer deems the failure to timely file a memorandum of law in opposition to a motion to dismiss to be consent by the opposing party to the granting of the motion. It is therefore within the court's discretion whether to consider the plaintiff's objection to the motion to dismiss and the court has opted to address the merits of the motion and objection. See, Afflerbach v. Furry, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 367207 (November 9, 1990, Hennessy, J.); Enfield National Bank v.DiFabio, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 385862 (December 22, 1992, Burns, J.); Wack v. Brookside Import Specialties Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 350999 (November 12, 1993, Zoarski, J.;) A. Rotondo Sons v. SkancoSharon-Foxboro Development. Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524589 (March 6, 1995, Hale, State Trial Referee). Compare Soiltesting,Inc. v. Berner, Superior Court, judicial district of Milford, Docket No. 039897 (November 4, 1992, McGrath, J.).
The defendant's first argument in support of her motion to dismiss is that the plaintiff has no standing to bring this action because it failed to allege in its complaint that a certificate of change of name and a certificate of merger by previous owners of the note and mortgage were recorded in the Waterbury land records as required by Connecticut General Statutes § 47-12. The defendant contends that the failure to CT Page 6677 prepare and record these certificates constitutes violations of § 47-12 and, therefore, operates as a break in the chain of ownership of the mortgage deed. The plaintiff fails to cite any law to support this contention.
The plaintiff has alleged in its complaint that it is the current owner of the note and mortgage and the chain of ownership from the original owner to itself. A motion to dismiss "admits all facts which are well pleaded. Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). Such allegations, taken as true, gives the plaintiff the right to enforce the note and mortgage. See, Connecticut National Bank v. Marland, Superior Court, judicial district of New Haven at Meriden, Docket No. 249406 (October 29, 1996, Dorsey, J.T.R.) aff'd.45 Conn. App. 352, 696 A.2d 374, cert. denied, 243 Conn. 907, 701 A.2d 328
(1997).
The defendant also argues that the plaintiff does not have standing because the note and mortgage have not been endorsed to it. Again, the defendant has failed to provide any law to support this contention.
"General Statutes 42a-3-203 (b) states, `Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.' The Uniform Commercial Code Comment to subsection (b) states in pertinent part, `If the transferee is not a holder because the transferor did not indorse, the transferee is nevertheless a person entitled to enforce the instrument under Section 3-301 if the transferor was a holder at the time of the transfer. Although the transferee is not a holder, under subsection (b) the transferee obtained the rights of the transferor as a holder."' Federal Deposit Insurance Corp. v.Cutler, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 536205 (January 8, 1997, Wagner, J.T.R.).
The defendant has not argued that the transferor of the note and mortgage was not a holder. The plaintiff, therefore has the right to enforce the note and mortgage. Production of the note and mortgage establishes the plaintiff's prima facie case and the defendant must prove the facts that limit or change the CT Page 6678 plaintiff's right to enforce the note and mortgage. SKW RealEstate Limited Partnership v. Gallicchio, 49 Conn App. 563, 571716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998). In addition, the introduction of extrinsic evidence to prove ownership of a note and debt has been allowed in Connecticut. (See, Connecticut Bank Trust v. Kaske, 40 Conn. Sup. 560, 562,535 A.2d 836 (1986) (extrinsic evidence was allowed to show that the intent to include the debt in the assignment of the mortgage).
In accordance with the foregoing, the defendant's motion to dismiss is denied.
Thomas G. West, J.